UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-63088-CIV-DIMITROULEAS

PATRICIA KENNEDY, Individually,

    Plaintiff,

vs.

GURU KRUPA, INC, a Florida corporation, and
THRUSHA COMPANY LLC, a Florida Limited
Liability Company, doing business as RED
CARPET INN ST AUGUSTINE,

    Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS

**THIS CAUSE** is before the Court on Defendants Guru Krupa, Inc. and Thrusha Company, LLC (collectively, "Defendants")'s Motion to Dismiss, filed on January 29, 2019. [DE 14] (the "Motion"). The Court has carefully reviewed Plaintiff Patricia Kennedy ("Plaintiff")'s Complaint [DE 1], the Motion, Plaintiff's Memorandum in Opposition [DE 17], notes that Defendants did not file a reply, and is otherwise fully advised in the premises.

**I.**    **Background[1]**

Title III of the ADA prescribes, as a "[g]eneral rule":

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a).

---

[1] All facts set forth in the background are according to the allegations of the Third Amended Complaint [DE 25], which the Court assumes as true for purposes of this Motion.

1

According to the allegations of the Complaint, of which the Court assumes the factual allegations therein as true for purposes of this motion, Plaintiff is bound to ambulate in a wheelchair or with a cane or other support and has limited use of her hands. [DE 1] at ¶ 1.  She brought this suit against Defendant for allegedly violating Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq.*, and more specifically, for allegedly violating 28 C.F.R. Section 36.302(3)(1), which imposes certain requirements on reservations made by public accommodations that own, lease or operate places of lodging. *See* [DE 1]. Defendants owns, leases, or operates a place of public accommodation, which is a place of lodging known as Red Carpet Inn St Augustine (hereinafter "Property"). ¶ 3. Defendants, either by themselves or by and through a third party, implemented, operate, control and/or maintain websites for the Property which contain an online reservations system ("the websites"). ¶ 8.

Plaintiff visited the websites to determine the accessible features at the Property. ¶ 9. Plaintiff was unable to do so because Defendants failed to comply with the requirements set forth in 28 C.F.R. Section 36.302(e), which require, in relevant part:

> Reservations made by places of lodging. A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party -
> (i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;
> (ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;
> (iii) Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;
> (iv) Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and
> (v) Guarantee that the specific accessible guest room reserved through its

>> reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.

28 C.F.R. § 36.302(e). *See* ¶ 9. The websites remain noncompliant and Plaintiff intends to visit the websites again in the near future "in order to test them for compliance with 28 C.F.R. Section 36.302(e) and/or to utilize the websites to reserve a guest room and otherwise avail herself of the goods, services, features, facilities, benefits, advantages, and accommodations of the Property." ¶ 10.

## II. Standard of Review

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A pleading that asserts mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. And "on the assumption that all the allegations are true (even if doubtful in fact)," the factual allegations pleaded "must be enough to raise a right to relief above the speculative level." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

"But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (brackets in original) (quoting Fed. R. Civ. P. 8(a)(2)). "The Supreme Court has employed a 'two-pronged approach' in applying the foregoing principles: first, a reviewing court should eliminate any allegations in the complaint that are merely legal conclusions; and second, where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Boyd v. Warden, Holman Correctional Facility*, 856 F.3d 853, 864 (11th Cir. 2017) (quoting *Iqbal*, 556 U.S. at 679).

**III.   Discussion**

In the instant Motion to Dismiss, Defendants argue that the Complaint must be dismissed for Plaintiff's failure to plead a nexus between Defendants' websites and Plaintiff's ability to access the Property. In other words, that Plaintiff fails to state a claim because she does not plead factual allegations demonstrating that her inability to use the websites impeded her access to the Property. However, in an unpublished decision last year in *Haynes v. Dunkin' Donuts LLC*, 741 F. App'x 752, 753 (11th Cir. 2018), the Eleventh Circuit reversed this Court for dismissing a website inaccessibility complaint for failing to plausibly allege facts demonstrating that his inability to utilize defendant's website was an impediment to plaintiff's ability to access defendants' physical stores and enjoy the goods and services offered there. While this Court does not necessarily agree with the *Haynes* opinion, it is persuasive authority and the Court will follow it unless the Eleventh Circuit indicates otherwise. Furthermore, Defendants' Motion to Dismiss does not cite any cases applying a nexus requirement in a case alleging violation of 28 C.F.R. § 36.302(e). Accordingly, the Court finds that Plaintiff has stated a plausible claim for relief under Title III of the ADA at the pleading stage.

**IV.	Conclusion**

For the reasons stated, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion to Dismiss [DE 14] is **DENIED**;

2. Defendants shall file answer(s) to the Complaint within fourteen (14) days**.**

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 26th day of February, 2019.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of Record